UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD L. HERNDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAROLE AGENT TOM PORTER,<br><br>　　　　　Defendant. | Case No. 16-cv-01975-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

# INTRODUCTION

　　Gerrod L. Herndon, a California state prisoner currently incarcerated at North Kern State Prison and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

# DISCUSSION

A.　Standard of Review

　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

1  the alleged violation was committed by a person acting under the color of state law. *West v.*
2  *Atkins*, 487 U.S. 42, 48 (1988).
3  B.  Legal Claims
4  In the portion of the court's form complaint where the inmate is to write his statement of
5  the claim, plaintiff wrote:

> He "Tom Porter" has failed to grant the state[']s wishes.  He's denied my federal rights to participate in the mainline of society.  I've completed parole and he's filed more paperwork to keep me confined to state and county jails.  I try to work with him and all the peace officers about his matter but they insist on lock-up and search warrants.  Unlawful probable cause reasonable doubt.

9  Compl. at 3.
10  In the portion of the court's form complaint where the inmate is to state his requested
11  relief, plaintiff wrote:

> When I parole in less than 180 days.  Given the discharge of state parole.  Northern California.  A written apology.  Due Process Clause reasonably related to legitimate penological interests.  Clemency.  Expungement.

14  *Id.*
15  The Court cannot discern what facts plaintiff is basing his claims on.  Plaintiff's allegations
16  fail to state clearly what happened, when it happened, what defendant did, and how those actions
17  or inactions rise to the level of a federal constitutional violation.  This action cannot proceed
18  without more information.  Plaintiff shall be granted leave to amend to attempt to cure these
19  deficiencies.  In his amended complaint, plaintiff should clarify whether he was released on parole
20  but is now incarcerated on a new charge or whether he was never released on parole but believes
21  he is entitled to be.
22  In amending his complaint, plaintiff is advised that the Federal Rule of Civil Procedure
23  8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled
24  to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice
25  of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93
26  (2007) (omission in original) (internal quotations and citations omitted).  "Factual allegations must
27  be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
28  550 U.S. 544, 553-56 (2007) (citations omitted).  To state a claim that is plausible on its face, a

plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see, e.g.*, *AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr* standard to pleading policy or custom for claims against local government entities); *see also McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

If plaintiff is attempting to challenge a state conviction, he is advised that "'[c]hallenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.* Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983." *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S.

249, 251 (1971). The opposite is not true, however: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, if upon reflection, plaintiff finds that a federal habeas petition is the more proper avenue for his claims and the relief that he seeks, he must file a separate federal habeas action under 28 U.S.C. § 2254.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1.  If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 16-1975 HSG (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

2.  Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the Court. *See Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc).

The Clerk shall include one copy of the court's blank civil rights complaint form and one copy of the court's blank § 2254 habeas petition form with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: 8/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge